ORIGINAL

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 JUL 19 PM 3:43

DEPUTY CLERK_____ mb

| | |
|---|---|
| **LISA Y. REESE**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED PETROLEUM TRANSPORTS, INC.; BRYAIN BOSCH, individually; and SCOTT LEE, individually.**<br><br>    Defendants. | **CAUSE NO.:**<br><br>**3-21CV1663-M**<br><br>**JURY TRIAL DEMANDED** |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, LISA Y. REESE, (hereinafter referred to as "Plaintiff" or "Reese"), and files this original complaint, alleging unlawful, discriminatory conduct by UNITED PETROLEUM TRANSPORTS, INC., (hereinafter referred to as "Defendant" or "UPT"); and would show the Court as follows:

### I. STATEMENT OF THE CASE

1.      This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), a hostile work environment, retaliation, wrongful termination, negligent hiring and negligent supervision, which resulted in injuries to Plaintiff.

2. Plaintiff, REESE, alleges that Defendants, jointly and severally, UNITED PETROLEUM TRANSPORTS, INC.; BRYAIN BOSCH, individually; and SCOTT LEE, individually, (collectively, "Defendants"), unlawfully discriminated against Plaintiff on the basis of her race, on the basis of her color, on the basis of her sex, created a hostile work environment, retaliated against her after reporting the discriminatory conduct, were negligent in hiring employees that engaged in the unlawful conduct and negligently supervised employees that engaged in unlawful conduct.

3. Plaintiff further allege that Defendants' policies, practices, and decisions had a disparate impact upon her on the basis of her race, on the basis of her color, and on the basis of her sex.

4. Plaintiff further allege that Defendants denied Plaintiff equal compensation the basis of her race, on the basis of her color, and on the basis of her sex.

5. Plaintiff further alleges that Defendants' negligent supervision of its employee was the proximate and legal cause of Plaintiff's emotional distress and loss of wages.

6. Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

## II. THE PARTIES

7. Plaintiff, LISA Y. REESE, is a an African-American woman, and a citizen of the State of Texas.

8. Defendant, UNITED PETROLEUM TRANSPORTS, INC., is an Oklahoma Corporation, whose principal office is located at 4312 S Georgia Place, Oklahoma City, OK 73129. Defendant may be served with summons and a true copy of the complaint by serving its Registered Agent, CT Corporation, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201.

9. Defendant, BRYAIN BOSCH, is an individual, doing business in the State of Texas. Defendant may be served with summons and a true copy of the complaint by serving him in person at his place of business at 3520 S. Euless Main, Euless, TX 76040.

10. Defendant, SCOTT LEE, is an individual, doing business in the State of Texas. Defendant may be served with summons and a true copy of the complaint by serving him in person at his place of business at 3520 S. Euless Main, Euless, TX 76040.

11. At all times relevant herein, Defendants have at least 501 employees and was therefore an "employer" within the meaning of Title VII.

12. Plaintiff are informed and believe and thereon allege that at all times relevant herein, each of the Defendants, jointly and severally, are responsible for the occurrences and injuries alleged in this complaint.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

14. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

15. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

16. Damages prayed for by Plaintiff exceed $75,000, exclusive of interest and costs.

17. Venue is proper under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims arose in Dallas County, Texas, within the Northern District of Texas.

### JURY DEMAND

18. Plaintiff demands a jury trial on all triable issues asserted in this matter and have tendered the appropriate fee, pursuant to Federal Rule of Civil Procedure 38.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notices of Right to Sue.

20. Plaintiff have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

### IV. FACTUAL ALLEGATIONS

21. At the times material to this action, Plaintiff was employed as a hazardous materials truck driver at Defendants' Euless, Texas terminal since May 22, 2017.

22. After completing her new hire probationary period and training, REESE accomplished a high level of achievement for her job performance and became one of the company's leading drivers, both in terms of loads hauled per workday and money earned paid by the load. Reese often received praise from Exxon, one of our largest suppliers, and from customers for whom she regularly hauled loads.

23. In the 2nd quarter of 2018, Bosch pulled Reese aside and told her that Exxon spoke highly of her and stated that it took her about 8 hours to complete her daily assignment. The conversation was strange to Reese because the terminal manager does not handle driver assignments. Bosch also asked Reese what she liked about her

co-driver, James Strong, a black employee. Reese explained that their hours gave her flexibility and was working fine for them and that their arrangement was productive. Shortly after that conersation, Reese's co-driver was fired without following the procedures of UPT's Discipline Policy.

24. Reese witnessed another black driver get terminated after one loading/unloading error without being given the opportunity to go through the company's formal disciplinary procedure which was as follows: warning, counseling, suspension, retraining, and then termination. Shortly after the black driver was terminated, a white driver made the same mistake and was allowed to keep his job. Reese asked Bosch why the black driver was fired without due process and Bosch replied, "the decision is ultimately at my discretion."

25. Reese spoke to the Recruiter, Amanda Young, a black woman who had knowledge of the terminations, and she stated that she thought it was unfair and explained that termination of the black employees were often handled on days she was off work.

26. Bosch then began treating Reese differently from the white drivers and in one particular incident, she was suspended for 5 days for a minor, no damage infraction, but a white woman driver, backed her tractor trailer into a pond and was not disciplined at all.

27. Bosch went out of his way to take away work from Reese and other black employees and subsequently reduce their pay. Bosch's discriminatory behavior caused Reese to suffer a pay loss of over $12,000.00 by the third quarter of 2018.

28. Bosch's discriminatory conduct got worse and he assigned Reese three different trucks that were out of service and not road-ready, causing her to lose loads and lose pay. The situation escalated after Reese complained about Bosch's discrimination, racism, humiliation and retaliation.

29. In mid-August 2018, as the only black female driver, Reese's pay had

been significantly reduced and things had become so stressful for her that she wrote another letter asking for a "truce".

30. Bosch then targeted for suspension with no warning. On September 6, 2018, Reese was suspended for five (5) work days based upon a false charge of proceeding through a railroad crossing without stopping and without operating hazard lights, which was proven to be untrue. In the meeting about the five-day suspension, Mr. Bosch admitted that he saw the videotape which showed that Reese put on the hazard lights and that, she did in fact, stop the truck. Bosch told Reese that she was going to be disciplined, nevertheless, because she "did not stop long enough."

31. Bosch left the untrue statements in Reese's file and it was obvious that he was using false pretenses to discriminate against Reese as an African-American and as a woman, and was creating a fabricated, negative disciplinary record to justify terminating Reese.

32. Although the Safety Handbook states that driver observations are used for feedback for the driver, it was used to suspend Reese. UPT unlawfully ignored the first four steps listed in the Disciplinary Actions section of the Employee Handbook. Furthermore, Section 104, page 9, the Handbook states that, "Any act of retaliation against an employee who reports or participated in an investigation of harassment or is otherwise involved in such an inquiry is strictly forbidden. Any employee found to have retaliated against another person will be subject to the same discipline as an employee who is found to have harassed another person."

33. After the incident, there was a significant reduction in the number of loads and hours of work assigned to REESE. His income decreased as a result.

34. By September 18, 2018, the job stress was so severe that Reese had to use up all of her accumulated vacation time, sick time, and she eventually went on short-term disability leave supported by her medical doctor.

35. After these incidents another supervisor, Scott Lee, attempted to coerce

other employees to lie and write false reports against REESE to make it appear that she was the aggressor and the problem.

36. At the time REESE went out on medical leave, she was earning $24.00 per hour.

## V. CLAIMS FOR RELIEF

**First Claim for Relief**

**A. Race/Color Based Discrimination (Disparate Treatment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, (42 U.S.C. 2000e-5).**

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33, above.

38. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their race or color. Plaintiff are informed and believe and thereon allege that Defendants engaged in intentional, unlawful, discriminatory behavior because he is African-American, a protected class.

39. UPT's retaliatory acts violated the TCHRA, §21.055 of the Texas Labor Code, as well as the analogous provisions contained in Title VII of the Civil Rights Act of 1964, a amended. See 42 U.S.C. §2000e et seq.

40. Accordingly, Plaintiff is entitled to all relief and remedies for Respondent UPT's unlawful employment practices as set forth under the TCHRA, §21.2585 of the Texas Labor Code, and Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. §2000e et seq. Accordingly, Plaintiff seeks monetary compensation in an amount to be determined by the jury, and punitive damages.

41. The Respondent's conduct caused Plaintiffs to suffer from severe emotional distress. This type of intentional behavior in the workplace is not the type of conduct tolerated in a civilized society. Respondent's actions were egregious and the type of conduct for which this State allows punitive and/or exemplary damages to be

awarded. Accordingly, Plaintiff seeks compensatory and punitive damages as allowed under chapter 41 of the Texas Civil Practice and Remedies Code, for the commission of this intentional tort independent of the discrimination Plaintiff endured and suffered.

42. In addition to monetary compensation set forth above, Plaintiffs have had to engage an attorney in connection with these claims and seeks his reasonable and necessary attorney's fees and costs.

**Negligent Hiring/Supervision/Investigation**

43. The unlawful, discriminatory acts of Plaintiff's directors, managers, and supervisors was conducted with knowledge imputed to UPT. UPT was aware of the conduct and failed to take any remedial measures to prevent incidents of discrimination. Under Texas law, an employer is liable for negligent hiring and retention when the employer knows, or through the exercise of reasonable care, should have known an employee hired or retained was incompetent or unfit. UPT failed to take measures to prevent future incidents of discrimination.

44. Additionally, the remedial steps undertaken by UPT regarding Plaintiff, was mere pretense designed to justify Respondent's unlawful conduct.

45. These causes of action arise not only from the Respondent's unlawful employment practices, but also its failure to act and its investigation. As a result, Plaintiffs have been directly injured. Therefore, Plaintiffs are entitled to any and all remedies available, including compensatory and punitive damages, as set forth under Chapter 41 of the Texas Civil Practice and Remedies Code (Vernon 2002).

46. In addition to monetary compensation set forth above, Plaintiffs have had to hire an attorney in connection with these claims and seeks her reasonable and necessary attorney's fees.

47. The conduct of Defendants' employees, Bryain Bosch and Scott Lee, was unlawful, discriminatory conduct was not "related to safe and efficient job performance"

and was not "consistent with business necessity." *Ward's Cove Packing v. Antonio,* 490 U.S. 657, 671 (1989).

48. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

49. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race/color.

50. Plaintiff is entitled to compensatory and punitive damages, in addition to his reasonable attorneys' fees and costs of suit.

**Second Claim for Relief**

**B. Harassment in Violation of Title VII of the Civil Rights Act of 1964,** *as amended,* **42 U.S.C. § 2000e-2(a).**

51. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 52, above.

52. Plaintiff was subjected to harassment by Defendants' agents and employees.

53. Plaintiff was subjected to outrageous and threatening verbal and written conduct by Defendants' agents and employees, including Bosch and Lee.

54. Defendants' agents and employees' conduct was not welcomed by Plaintiff.

55. Defendants' agents' and employees' conduct was undertaken because of Plaintiff's race/color and sex.

56. The conduct was so severe or pervasive that reasonable persons in Plaintiff's positions would find their work environment to be hostile or abusive.

57. Plaintiff believed their work environment to be hostile or abusive as a

result of Defendants' agents' and employees' conduct.

58. Plaintiff complained several times to management level employees, who knew or should have known, of the unlawful, harassing conduct. Plaintiff provided management level personnel with information sufficient to raise a probability of racial harassment in the mind of a reasonable employer. Moreover, the harassment was so open, outrageous and pervasive hat a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

59. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of race/color and sex and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

60. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

61. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

62. Plaintiff are entitled to their reasonable attorneys' fees and costs of suit.

**Third Claim for Relief**
   C. **Retaliation in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-3(a).**

63. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 64, above.

64. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

65. Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race/color and sex.

66. As a result of Plaintiff's complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, threats of termination, and reprimands by supervisors.

67. Defendants' adverse actions constituted retaliatory workplace harassment.

68. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

69. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

70. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

**Fourth Claim for Relief**

**D. Negligent Supervision in Violation of Texas Law.**

71. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 72, above.

1. Texas Law makes an employer liable for the failing to supervise employees.

2. Defendants' had a duty to abided by all state and federal laws

3. Defendants' had a duty to ensure that all employees abided by all state and federal laws

4. Defendants' had a duty to supervise all employees.

72. Defendant permitted Defendants' agents and employees, including Mr. Bosch and Mr. Lee, to discriminate against, harass and terminate Plaintiff because of

her race/color and sex.

73. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

74. Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

**Fifth Claim for Relief**

**E. Negligent Hiring in Violation of Texas Law.**

75. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 70, above.

76. Texas Law makes an employer liable for negligent hiring of employees.

77. Defendants' had a duty to abided by all state and federal laws

78. Defendants' had a duty to ensure that all employees abided by all state and federal laws

79. Defendants' had a duty to make "reasonable" inquiries into the applicant's background and suitability for the position.

80. Defendants hired a known felon, Justin Lewis, as a supervisor.

81. Defendant continued to employ the felon, Justin Lewis, after they became aware of his violations of the law and company policy.

82. Defendants' agents were made aware of the conflict between Plaintiff and Bosch.

83. Defendants, thereafter, permitted Defendant Lewis to return to his job after his arrest for aggravated assault with a deadly weapon on the job, and allowed him to continue discriminating against and harass Plaintiff because of his race/color and sex.

84. As a direct, legal and proximate result of Defendants' negligence, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting

in damages in an amount to be proven at trial.

85. Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

### DECLARATORY RELIEF ALLEGATIONS

86. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contend that Defendants violated their rights under Title VII, and the laws of Texas. Plaintiff is informed and believes and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

87. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

### INJUNCTIVE RELIEF ALLEGATIONS

88. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

89. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

a. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

b. For lost wages, back pay, and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

c. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d. For punitive damages in an amount to be determined at trial;

e. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

f. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

g. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), New Jersey Revised Statutes § 10:5-27.1, and other laws; and

h. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

*Lisa Y. Reese*
LISA Y. REESE, PLAINTIFF PRO SE

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this cause of action pursuant to the Civil Rights Act of 1991.

Dated this July 19, 2021.

s/ Lisa Y. Reese
Lisa Y. Reese

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA Y. REESE

### DEFENDANTS
UNITED PETROLEUM TRANSPORT INC
BRYAN BOSCH & SCOTT LEE

**(b)** County of Residence of First Listed Plaintiff: DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: TARRANT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | | |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| | | 751 Family and Medical Leave Act | 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| | 448 Education / 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | / 555 Prison Condition | 465 Other Immigration Actions | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____